Filed 8/2/24  P. v. Muhaw CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br>v.<br>KYLE MUHAW,<br><br>  Defendant and Appellant. | A167800<br><br>(Humboldt County<br>Super. Ct. No. CR2101191) |

Based on a 2021 incident involving his young child and the child's mother, defendant Kyle Muhaw, a veteran of the United States Navy, was charged with domestic violence, assault with a firearm, possession of ingredients to make a destructive device (bombmaking), and numerous other felonies.  Later that year, he pleaded guilty to assault with a firearm with a firearm enhancement and bombmaking.  The trial court sentenced him to seven years in prison.

In January 2023, Muhaw filed a petition for resentencing under Penal Code[1] section 1170.91, which requires courts to consider any mental health issues caused by a defendant's military service as a mitigating factor when imposing a determinate sentence.  (§ 1170.91, subd. (a).)  The trial court granted resentencing, reducing the upper term for bombmaking to the

---

[1] All statutory references are to the Penal Code unless otherwise noted.

midterm.  Because that term was concurrent, however, the total sentence did not change.

On appeal from the resentencing, Muhaw argues that the trial court abused its discretion by (1) not adhering to the requirements of Senate Bill No. 567 (2021-2022 Reg. Sess.) (Senate Bill No. 567), which limits a court's discretion to impose a sentence above the middle term (§§ 1170, subd. (b)(2), 1170.1, subd. (d)(2)), and (2) inadequately considering his military service as a mitigating factor under section 1170.91.  We affirm.

I.

FACTUAL AND PROCEDURAL
BACKGROUND

On April 16, 2021, H.M. reported to a fire station in Humboldt County that Muhaw had assaulted her and set "explosives around the house."[2]  H.M. was in a live-in relationship with Muhaw and shared a child with him.  H.M. stated that in the days before the incident, Muhaw had become increasingly paranoid and had "accus[ed] her of working for [the] police."  Then, on the day in question, while H.M. was holding their young child, Muhaw took out a shotgun and struck her on the forehead with the muzzle, "leaving a visible injury . . . above her eye."  He also threatened to kill her.

Following H.M.'s report, the bomb squad and a SWAT team responded to Muhaw's house.  During prolonged negotiations with law enforcement officers, Muhaw made statements suggesting the house was rigged with explosives.  He eventually surrendered and told officers that all the explosives inside had been disarmed.  A subsequent search of the house uncovered "explosives material" and "a number of weapons."  It appeared

---

[2]  The underlying facts are drawn from the prosecutor's summary of the factual basis of the plea, to which Muhaw stipulated.

2

that "Muhaw was attempting to create an explosive device[,] . . . although the bomb itself was not functional."

Based on this incident, Muhaw was charged with 13 offenses, 12 of which were felonies, including assault with a firearm and bombmaking.[3] The complaint also alleged that Muhaw used a firearm in committing the assault and engaging in the criminal threats and had a prior strike.[4]

In August 2021, Muhaw pleaded guilty to the charges of assault with a firearm and bombmaking in exchange for the dismissal of the remaining charges and allegations. He also admitted the firearm enhancement for the assault charge. The trial court sentenced him to a total term of seven years in prison, composed of the midterm of three years for the assault, a consecutive four-year midterm for the accompanying firearm enhancement, and a concurrent four-year upper term for bombmaking.

Over a year later, in January 2023, Muhaw filed a petition for writ of habeas corpus, which the trial court construed as a motion for recall and resentencing under section 1170.91. Muhaw asserted that his "military

---

[3] For the two specified felonies, Muhaw was charged under section 245, subdivision (a) (assault with a firearm) and section 18720 (bombmaking). As for the other 10 felonies, Muhaw was charged with child abuse under section 273, subdivision (a); domestic violence under section 273.5, subdivision (a); criminal threats under section 422; negligent discharge of a firearm under section 246.3, subdivision (a); three counts of possession of a firearm under section 29800, subdivision (a)(1); possession of ammunition by a felon under section 30305, subdivision (a)(1); and possession of metal knuckles under section 21810. He was also charged with a misdemeanor count of contempt of court under section 166, subdivision (c)(1).

[4] Both firearm allegations were made under section 12022.5, subdivision (a). The strike allegation was made under section 667, subdivisions (b) through (i), based on a 1999 Georgia conviction for kidnapping, which Muhaw asserted below was actually a conviction for false imprisonment.

service was not considered as a factor in mitigation at the time of his sentencing." According to Muhaw, he served in the Navy during Operation Desert Storm and "due to his military experience," he suffered from "posttraumatic stress disorder (PTSD), substance abuse, and mental health problems." At the resentencing hearing that April, Muhaw argued that section 1170.91 obligated the court to consider those issues in mitigation and asked the court to reduce his sentence by two years. His argument made no reference to Senate Bill No. 567.

In response, the trial court stated it could not recall why it had originally imposed the upper term for bombmaking. It stated that although it was aware of Muhaw's mental health issues and military service during his original sentencing, it did not know that his mental health issues were caused by his service. Characterizing this new information as an "additional mitigating factor," the court reduced the four-year term for bombmaking to the midterm of three years. Because the term on that conviction remained concurrent with the unchanged seven-year term for the assault conviction and associated firearm enhancement, Muhaw's total sentence remained seven years.

In its ruling, the trial court weighed both mitigating and aggravating factors. As mitigating factors, the court noted Muhaw's military service, his mental health issues, and his acknowledgment of wrongdoing at an early stage in the proceedings. As aggravating factors, the court cited Muhaw's violent conduct during the incident at issue and the fact that the offenses were committed while he was on probation or parole in Georgia. The court also cited Muhaw's significant criminal background, which included numerous prior convictions as an adult that were "more serious in nature as they [went] along," and his "prior prison terms." After weighing these

factors, the court determined that the aggravating factors outweighed the mitigating ones and decided against reducing the overall sentence length.

II.

DISCUSSION

*A. General Legal Standards*

In imposing a determinate sentence, a trial court must evaluate both aggravating and mitigating factors to select the appropriate term. (Cal. Rules of Court, rules 4.420, 4.421, 4.423.)[5] Aggravating factors under rule 4.421 include if the crime involved great violence, if a weapon was used, if the victim was particularly vulnerable, or if the defendant had a significant prior criminal history. Mitigating factors under rule 4.423 include if the defendant played a minor role in the crime or if the defendant had no prior criminal history.

First enacted in 1982 and amended multiple times since, section 1170.91 establishes another mitigating factor by "unambiguously *obligat[ing]* a sentencing court to consider a defendant's service-related PTSD, substance abuse, or other qualifying conditions in making discretionary sentencing choices." (*People v. Panozo* (2021) 59 Cal.App.5th 825, 832, 836.) Specifically, subdivision (a) of section 1170.91 states, "If the court concludes that a defendant convicted of a felony offense is, or was, a member of the United States military who may be suffering from . . . post-traumatic stress disorder, substance abuse, or mental health problems as a result of the defendant's military service, the court shall consider the circumstance as a factor in mitigation when imposing a [determinate prison term]." (§ 1170.91, subd. (a).) The statute allows defendants to request resentencing if the court fails to consider such circumstances. (§ 1170.91,

---

[5] All further rule references are to the California Rules of Court.

5

subd. (b)(1).)  Upon receiving a valid petition for resentencing, a court "may" choose to lower a petitioner's sentence, although it is not obligated to do so. (§ 1170.91, subd. (b)(3)(a); *People v. Coleman* (2021) 65 Cal.App.5th 817, 823.)

Also relevant to this appeal is Senate Bill No. 567.  Effective January 1, 2022, this legislation amended section 1170 to restrict a trial court's discretion to impose a sentence exceeding the midterm for an offense or enhancement.  (§§ 1170, subd. (b)(2), 1170.1, subd. (d)(2).)  Under the amended law, a court may impose the upper term only where there are aggravating circumstances and the facts underlying those circumstances have been stipulated to by the defendant, have been found true beyond a reasonable doubt at trial, or relate to the defendant's prior convictions as evidenced by a certified record of conviction.  (§§ 1170, subd. (b)(1)–(3), 1170.1, subd. (d)(2).)  These proof requirements do not, however, apply to lower or midterm sentences:  "In selecting between the middle and lower terms of imprisonment, . . . [t]he court may consider factors in aggravation and mitigation, whether or not the factors have been stipulated to by the defendant or found true beyond a reasonable doubt at trial by a jury or the judge in a court trial."  (Rule 4.420(d); see rule 4.428(a); §§ 1170, subd. (b)(2), 1170.1, subd. (d)(2).)

B.      *The Court Did Not Abuse Its Discretion in Resentencing Muhaw.*

Muhaw argues that the trial court abused its discretion by relying on invalid aggravating factors under Senate Bill No. 567 and by failing to adequately consider his military service as a mitigating factor under section 1170.91.  The Attorney General responds that the heightened proof requirements of Senate Bill No. 567 do not apply to midterm sentences and that the court properly considered and weighed the aggravating and

mitigating factors.  We conclude that the Attorney General has the better argument.

### 1.    Standard of review

A trial court's sentencing decisions are reviewed for an abuse of discretion.  (*People v. Sandoval* (2007) 41 Cal.4th 825, 847.)  When a sentencing decision requires the evaluation of various aggravating and mitigating factors, the trial court "has discretion to accord different weight to each factor, and its decision need not be de determined by the sheer number of factors on one side or the other."  (*People v. Willover* (2016) 248 Cal.App.4th 302, 323.)  An abuse of discretion occurs when the court "relies upon circumstances that are not relevant to the decision or that otherwise constitute an improper basis for decision."  (*Sandoval*, at p. 847.)

### 2.    Analysis

Muhaw first contends that Senate Bill No. 567 prohibited the trial court from relying on the aggravating factors it used during his resentencing. Although we agree with the Attorney General that Muhaw forfeited this claim by failing to rely on Senate Bill No. 567 below, we will nevertheless exercise our discretion to consider it on the merits.[6]  (See *People v. Achane* (2023) 92 Cal.App.5th 1037, 1043–1047.)

The basic premise of Muhaw's Senate Bill No. 567 claim fails, because the heightened proof requirements apply only to upper-term sentences. (§§ 1170, subds. (b)(1)–(3), 1170.1, subd. (d)(2); *People v. Achane*, *supra*, 92 Cal.App.5th at p. 1041.)  At the resentencing hearing, the trial court maintained the midterm sentences for the assault charge and accompanying

---

[6] Accordingly, we need not address Muhaw's claim that his trial counsel rendered ineffective assistance by failing to raise the Senate Bill No. 567 issue.

firearm enhancement but reduced the upper-term sentence for bombmaking to the midterm. As we have said, and as the Attorney General emphasizes, the court was thus entitled to rely on aggravating factors that did not meet the heightened proof standards required to impose an upper-term sentence under Senate Bill No. 567. (§§ 1170, subd. (b)(2), 1170.1, subd. (d)(2).) In his reply brief, Muhaw does not cite any authority to refute this point, merely reiterating that none of the aggravating circumstances relied upon by the court were "found true by a jury or specifically admitted by [him]." Consequently, his claim under Senate Bill No. 567 lacks merit.

Muhaw's second claim is that the trial court failed "to adequately consider [his] military service" under section 1170.91. (Emphasis omitted.) But this position is belied by the record. In ruling, the court stated that it considered Muhaw's military service and mental-health conditions as "two factors [that] are combined and are to be determined as a mitigating factor pursuant to [section] 1170.91[, subdivision ](a)." The Attorney General correctly notes that "[t]he court simply found that the aggravating factors outweighed the mitigating factors, and thus a reduction of the aggregate sentence was unwarranted." (See *People v. Berdoll* (2022) 85 Cal.App.5th 159, 164–165 [trial court properly exercised its discretion in increasing a defendant's sentence because aggravating factors carried greater weight than mitigating ones].)

Additionally, despite Muhaw's contention that the trial court "clearly did not consider [his] service as a factor in mitigation, because no change in sentence arose therefrom," the court was not obligated to resentence him to a lower term. (§ 1170.91, subd. (b)(1).) Under section 1170.91, a court "does not necessarily have to resentence the petitioner." (*People v. Coleman, supra,* 65 Cal.App.5th at p. 823.) If a court does exercise its resentencing authority,

it need consider only a defendant's military-service-induced conditions "as one mitigating factor, along with all of the other mitigating and aggravating factors in the case" (*ibid.*), which is precisely what the trial court did here. As previously noted, the court explained that "in consideration of the additional mitigating factor that [it] learned today," i.e., the fact that Muhaw's mental health issues were caused by his military service, it would resentence Muhaw by lowering the sentence for the bombmaking count from the upper term to the midterm. The court's explanation plainly shows that it considered Muhaw's military service in resentencing him, thereby defeating Muhaw's second claim.

In sum, we agree with the Attorney General that Muhaw's "challenges to the court's discretion and the evidence supporting the factors in aggravation and mitigation are legally incorrect and factually contradicted by the record." The trial court did not abuse its sentencing discretion.

### III.
### DISPOSITION

The judgment is affirmed.

_____

Humes, P.J.


WE CONCUR:



_____

Banke, J.




_____

Siggins, J.*




*Retired Associate Justice of the Court of Appeal, First Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

*People v. Muhaw*  A167800

10